Katiraeifar v New York-Presbyt.

2026 NY Slip Op 03268

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Masoud Katiraeifar, etc., Plaintiff-Respondent,

v

New York-Presbyterian, The University Hospital of Columbia and Cornell, Defendant-Appellant, Richard Roe, M.D., et al., Defendants.

Decided and Entered: May 26, 2026

Index No. 162653/15|Appeal No. 6714|Case No. 2025-05364|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Martin Clearwater & Bell LLP, White Plains (Barbara D. Goldberg of counsel), for appellant.

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., New York (Cynthia A. Matheke of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about August 13, 2025, which denied defendant-appellant's motion for summary judgment dismissing plaintiff's medical malpractice cause of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant made a prima facie showing of entitlement to summary judgment through its expert, who averred that defendant's treatment of the decedent did not depart from the standard of care and did not proximately cause decedent's claimed injuries. In opposition, plaintiff's experts' affirmations failed to address the opinions of defendant's expert and otherwise relied on conclusory allegations (see Cabrera v Golden, 231 AD3d 149, 155 [1st Dept 2024]; Frye v Montefiore Med. Ctr., 70 AD3d 15, 24 [1st Dept 2009]).

As for the standard of care, defendant's expert opined that defendant's use of Ambu bagging with monitoring of decedent's vital signs during transfer from the emergency department to the floor was appropriate and within the standard of care. The transfer was documented as uncomplicated, and decedent's oxygenation only decreased after the transfer. In opposition, plaintiff's standard of care expert did not explain why the use of an Ambu bag with monitoring of vitals was inappropriate. While plaintiff's expert discussed testimony that use of the Ambu bag was intermittent, he did not explain that constant bagging or that use of the bag at a particular frequency was necessary.

As for proximate causation, defendant's expert averred that there was no evidence that decedent suffered a permanent anoxic injury during the transfer, opined how the post-transfer shortness of breath was caused by the development of mucus plugs and aggressive pneumonia, and addressed how decedent passed away nine months later due to his progressive ALS. Plaintiff's causation experts' opinions were conclusory as to decedent's alleged development of hypoxia and with respect to the hypoxia's impact on decedent. Moreover, both of plaintiff's causation experts also failed to discuss defendant's expert's causation opinions. Given those critical omissions, plaintiff did not rebut defendant's prima facie showing of entitlement to summary dismissing the medical malpractice cause of action and plaintiff's complaint.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026